UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON LIVERPOOL,

                    Plaintiff,

          -against-

CITY OF NEW YORK, ET AL.,

                    Defendants.

20-CV-4629 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

     Plaintiff, currently incarcerated in Rhode Island, brings this action *pro se*, invoking 42 U.S.C. § 1983. He alleges that on March 23, 2018, he was in a bus operated by the New York City Department of Correction (DOC) that hit the wall of the sally port of the Manhattan Detention Center (MDC), causing him injuries. By order dated June 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

     The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff Anton Liverpool's complaint. On March 23, 2018, Plaintiff was detained at the Anna M. Kross Center (AMKC) on Rikers Island. That morning, unknown "John Doe" officers, woke Plaintiff for his court appearance. (Compl. at ¶ 17). Plaintiff protested that he did not want to be transported to court "during a nor'easter" because he "would not been seen." (*Id.* at 1¶ 9). The officers told Plaintiff that he would receive

a disciplinary infraction if he failed to comply, and he eventually agreed to cooperate and was handcuffed, shackled, and placed on the bus. (*Id.* at ¶¶ 19-20).

Officer Surpris, Badge #6065, was driving the DOC bus, and a "John Doe" Officer was assisting him. (*Id.* at ¶ 21). As Officer Surpris arrived at MDC, at 125 White Street, in Manhattan, he accelerated, and the bus hit "the structure of the building." (*Id.*) Plaintiff suffered injuries to his head, back, and neck, particularly in areas where he was still recovering from a prior bus accident. (*Id.* at ¶ 23-24). Four officers at MDC failed to "maintain a safe port of entrance." (*Id.* at ¶ 25).

Plaintiff sues Officer Surpris, the City of New York, a "John Doe" Officer, and numerous supervisory officials (AMKC's Acting Deputy Warden of Security, Acting Warden, and John Doe Intake Supervisor; MDC's Acting Deputy Warden of Security, Acting Intake Area Supervisor (Captain), Acting Supervisor of Transportation, Acting Warden, and Acting Watch/Tour Supervising Command; the "Acting Supervisor of Transportation of Rikers Island" and "Acting Watch/Tour Command of Rikers Island"). He seeks damages for the injuries that he suffered in the bus accident.

## DISCUSSION

### A. Claims Under Federal Law

The negligence of a correction official is not a basis for a claim of a federal constitutional deprivation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). A commonplace vehicle accident may be actionable as a tort claim for negligence under state law, *see Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004), but such an event is not ordinarily the basis for a claim of a federal constitutional deprivation. *See Poe v. Leonard*, 282 F.3d 123, 145 (2d Cir. 2001) ("[M]ere negligence is insufficient as a matter of law to state a claim under section 1983."); *Carrasquillo*,

324 F. Supp. 2d at 436 ("Auto accidents do not, in and of themselves, give rise to federal causes of action."). Generally, "[a]llegations of a public official driving too fast . . . are grounded in negligence" and are not actionable under Section 1983." *Cuffee v. City of New York*, No. 15-CV-8916 (PGG) (DF), 2017 WL 1134768, at *5 (S.D.N.Y. Mar. 27, 2017).

To establish a due process violation of the Fourteenth Amendment to the U.S. Constitution under § 1983, an inmate must show that a government official made a deliberate decision to deprive him of his life, liberty, or property. *See Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (relying on *Daniels*, 474 U.S. at 331 (1986)). To do so, a pretrial detainee must show that he faced an objectively serious risk of harm and that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).

"[T]he failure to provide an inmate with a seatbelt does not, standing alone, give rise to a constitutional claim." *Jabbar*, 683 F.3d at 57-58. "[A]n in-custody plaintiff injured during transport may, however, state a deliberate-indifference claim if he or she alleges facts in addition to the absence of seatbelts and reckless driving, that, taken as a whole, suggest that the plaintiff was exposed to conditions posing an unreasonable risk of serious harm, and that the defendants were aware of those conditions." *Chapman v. Doe (One)*, No. 9:19-CV-1257 (GTS)(CFH), 2019 WL 6493971, at *4 (N.D.N.Y. Dec. 3, 2019) (quoting *Cuffee*, 2017 WL 1134768, at *7).

For example, "driving recklessly, at excessive speed, with knowledge that a detainee is being transported in the vehicle—not just without a seatbelt, but within a small steel cage, with hands in handcuffs that are linked at the waist and thus cannot be used to brace or otherwise

4

protect himself—could rise to the level of deliberate indifference to an excessive risk to that detainee's safety." *Cuffee*, 2017 WL 1232737, at *6; *see also Torres v. Amato*, 22 F. Supp. 3d 166, 176 (N.D.N.Y. 2014) (denying defendants' motion for summary judgment because of evidence showing that officer refused to buckle seatbelts even though detainees were restrictively confined in handcuffs and ankle shackles and Defendants were aware that recklessly driving the transport van created a substantial risk of harm to them).

Here, Plaintiff's allegations that the correction officer driving the transport van accelerated too much when entering the sally port of MDC sound in negligence. Plaintiff fails to plead any facts suggesting that any defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Plaintiff's allegations thus fails to state a claim under § 1983, and the Court dismisses Plaintiff's § 1983 claim asserting deliberate indifference to a serious risk of harm to him.

**B.     State Law Claims**

Plaintiff has not invoked the Court's diversity jurisdiction, 28 U.S.C. § 1332. A plaintiff can proceed with state law claims in federal court under § 1332 where the plaintiff and the defendant are citizens of different states and the claim is in excess of $75,000.00, the statutory jurisdictional amount. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff was detained in Rhode Island on the date that he filed the complaint, but he does not allege any facts about where he is domiciled. Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). When a prisoner

is incarcerated in a state different from his previous domicile, there is a rebuttable presumption that the prisoner retains his pre-incarceration domicile rather than acquiring a new domicile. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007); *Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2d Cir. 1979). Plaintiff was in New York at the time of the events giving rise to his claims, and he has not pleaded facts about his domicile, or that of any other party. Plaintiff thus has not demonstrated complete diversity of citizenship between the parties, and the Court cannot exercise diversity jurisdiction over this matter.

Having dismissed the federal claims over which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Plaintiff's state law claims are therefore dismissed without prejudice to Plaintiff's repleading his state law claims in state court.

## C.    Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The facts alleged in Plaintiff's complaint give no indication that he can amend his complaint to state a claim arising under federal law. In an abundance of caution, however, the Court grants Plaintiff leave to file an amended complaint within 30 days if he believes that he can plead facts that state a claim under federal law under the standards set forth herein. Alternatively, if Plaintiff's citizenship is diverse from that of all defendants, he can file an amended complaint invoking the

Court's diversity jurisdiction and pleading facts establishing that. If Plaintiff fails to amend his complaint within 30 days, the Court will enter judgment consistent with this order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's claims under 42 U.S.C. § 1983 are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over Plaintiff's state law claims.

The Court grants Plaintiff leave to submit an amended complaint within 30 days of the date of this order. An amended complaint form is attached to this order. If Plaintiff fails to amend his complaint within 30 days, the Court will enter judgment dismissing this action as set forth herein.

SO ORDERED.

Dated:    July 13, 2020
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                      (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                       State            Zip Code

_____

Telephone Number                Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Street Address

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.