USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/26/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTON LIVERPOOL,<br><br>                                    Plaintiff,<br><br>-against-<br><br>OFFICER SUPRIS #6065; JOHN DOE #1, CORRECTION OFFICER; JOHN DOE #2 WARDEN OF A.M.K.C.; JOHN DOE #3 DEPUTY WARDEN OF A.M.K.C.; JOHN DOE #4 SUPERVISOR OF TRANSPORTATION; JOHN DOE #5, INTAKE AREA SUPERVISOR OF AMKC; JOHN DOE #6 WARDEN OF M.D.C; JOHN DOE #7, DEPUTY WARDEN OF M.D.C.; JOHN DOE #8 SUPERVISOR OF TRANSPORTATION M.D.C.; JOHN DOE #9, INTAKE AREA SUPERVISOR M.D.C.; THE CITY OF NEW YORK,<br><br>                                   Defendants. | 20-CV-4629 (ALC)<br><br>ORDER OF SERVICE |

ANDREW L. CARTER, JR., United States District Judge:

       Plaintiff, currently incarcerated at Anthony P. Travisono Intake Service Center in Rhode Island, brings this *pro se* action under the Court's diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff alleges that while he was a pretrial detainee at the Anna M. Kross Center (AMKC) on Rikers Island in 2018, he was injured while being transported by bus to the Manhattan Detention Complex (MDC). By order dated June 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

A.   **Unidentified John or Jane Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Law Department to identify John Doe #1, who assisted Correction Officer Supris in transporting detainees by bus on the morning of March 23, 2018, from AMKC to MDC. Plaintiff also supplies sufficient information to identify John Does #2-9, that is, the Wardens, Deputy Wardens, Directors of Transportation, and Intake Area Supervisors at the AMKC and MDC. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the City of New York, must ascertain the identity of each John Doe whom Plaintiff seeks to sue here and the address where each defendant may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendants. The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form for Plaintiff to complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order asking Defendants to waive service.

---

[2] If the Doe defendant is a current or former New York City Department of Correction (DOC) employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants.

**B.**     **Service on City of New York and Officer Supris**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York and Correction Officer Supris (#6065) waive service of summons.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York and Officer Supris (#6065) waive service of summons.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007. A "Second Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 26, 2020
         New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge