UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIVERPOOL,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK ET AL.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/31/2023

20-cv-04629 (ALC)

<u>OPINION AND ORDER</u>

**ANDREW L. CARTER, United States District Judge:**

Plaintiff Anton Liverpool ("Plaintiff" or "Mr. Liverpool"), currently incarcerated in Rhode Island, brings this action *pro se*, invoking 42 U.S.C. § 1983 and a state negligence claim. Plaintiff alleges that while he was a pretrial detainee at the Anna M. Kross Center on Rikers Island in 2018, he was injured while being transported by a Department of Correction ("DOC") bus to the Manhattan Detention Complex ("MDC")[1]. Plaintiff alleges that Defendants acted with deliberate indifference to his safety, thereby violating his constitutional rights. Plaintiff brings this action against the City of New York, Correction Officer Darrien Lewis, Captain Jacob Rivers, Warden Charlton Lemon, Correction Officer John Hernandez, Captain Ronald Wilson, Warden Kisa Smalls, Deputy Warden Wendy White, (hereinafter "Defendants") and Correction Officer Hermantin Surpris.[2] Defendants now move to dismiss the second amended complaint ("SAC") with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). For the reasons discussed below, Defendants' motion to dismiss is **GRANTED.**

---

[1] The Manhattan Detention Complex is a facility run by the NY Department of Corrections, primarily housing people awaiting trial for state or local crimes in Manhattan. It is not the Metropolitan Detention Center, a federal facility in Brooklyn.

[2] The Defendants have not moved on behalf of Defendant Surpris because he has passed away. *See* ECF Nos. 81, 84. Joseph Grima is named in the SAC, but he has not been served and is therefore not a party to this suit.

## BACKGROUND

### I.        Procedural Background

On June 11, 2020, Plaintiff commenced this lawsuit pursuant to 42 U.S.C. § 1983. ECF

No. 1. This initial complaint named Correction Officer Hermantin Surpris, the City of New York,

a "John Doe" Officer, and numerous supervisory officials as defendants. *Id*. By order dated June

30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in*

*forma pauperis*. ECF No. 5. On July 13, 2020, the Court *sua sponte*[3] dismissed Plaintiff's §1983

claim asserting deliberate indifference to a serious risk of harm to him for failure to state a claim.

*See* ECF No. 7 at 5. However, the Court noted that, to the extent Plaintiff sought to invoke the

Court's diversity of citizenship jurisdiction to bring a negligence claim, he was granted leave to

file an amended pleading setting forth facts demonstrating complete diversity of citizenship

between the parties. *Id*. at 5-6.

On August 19, 2020, Plaintiff filed an amended complaint naming Mr. Surpris, the City of

New York and several John Doe officers as defendants. First Amended Complaint ("FAC"), ECF

No. 8. On August 25, 2020, this case was reassigned to me. On August 26, 2020, the Court issued

an order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). ECF No. 8. The Court directed

the New York City Law Department to ascertain the identity of each John Doe whom Plaintiff

sought to sue and the address where each defendant may be served. *Id*. The Court directed the

Plaintiff to file a second amended complaint naming the John Doe defendants. *Id*. Plaintiff filed

the Second Amended Complaint on December 13, 2021, which replaced the John Doe defendants

with the DOC employees who he seeks to sue. SAC, ECF No. 56. On January 12, 2022, Defendants

---

[3] The Prison Litigation Reform Act requires that federal courts screen complaints brought by
prisoners who seek relief against a governmental entity or an officer or employee of a
governmental entity. *See* 28 U.S.C. § 1915A(a).

City of New York and Correction Officer Surpris filed their Answer to the SAC. *See* ECF No. 57. On May 25, 2022, Magistrate Judge Ona T. Wang granted these Defendants' request to file an Amended Answer in order to assert additional affirmative defenses, which had not been previously asserted in their Answer to the SAC. ECF No. 79.  On June 6, 2022, Defendant City of New York filed an Amended Answer in response to the SAC. *See* ECF No. 80. On that same date, the City of New York informed the Court that the New York City Law Department could no longer file an Amended Answer on behalf of Defendant Hermantin Surpris because he had passed away on June 3, 2022. ECF No. 81. The City filed a Suggestion of Death pursuant to Federal Rule Civil Procedure 25(A) as to Defendant Surpris. ECF No. 84.

Defendant filed the instant motion to dismiss and supporting memorandum of law on August 7, 2022. ECF Nos. 91-92. On September 9, 2022, Plaintiff filed a letter requesting an extension of time to respond to the Defendants' motion. ECF No. 94. On September 12, 2022, Plaintiff filed a letter responding to the Defendants' motion. ECF No. 97. The Court construes this letter as Plaintiff's opposition to the Defendants' motion ("Opp."). The Defendants' reply was filed on September 23, 2022 ("Reply"). ECF No. 101. The motion is deemed fully briefed. After careful consideration, Defendants' motion to dismiss is **GRANTED.**

## II.    Factual Background

The following facts are taken from the allegations contained in Plaintiff's Second Amended Complaint, which are presumed to be true for purposes of this motion to dismiss.

According to the SAC, on or about March 23, 2018,[4] while Plaintiff was incarcerated in the Anna M. Kross Center ("AMKC") of Rikers Island, he was notified by an unidentified

---

[4] Although the SAC refers to the date of the alleged incident as March 23, 2018, Defendants assert that, upon information and belief, the correct date of the incident is March 21, 2018.

correction officer that he was scheduled to appear in New York County Criminal Court regarding his pending criminal case. SAC at 1. Due to the inclement weather that day, Plaintiff protested leaving the facility as it "would be pointless and useless traveling" to court since he believed "most lawyers would not be attending and [he] would not be seen." *Id.*

Plaintiff alleges that he complied with leaving his cell and attending court after Defendants Correction Officer Surpris, Correction Officer Lewis, Captain Rivers, Warden Kisa Smalls, and Deputy Warden Wendy White, told him, if he did not leave his cell, he would be forcibly removed from his cell and given a disciplinary infraction. *Id.* at 1-2. Plaintiff alleges that DOC policy "dictates that [his] refusal to attend Court will result in [] receiving a disciplinary infraction and [] physical removal from the premises." *Id*. 1.

According to the SAC, the DOC transportation bus, driven by Correction Officer Surpris, was being driven "sporadic and erratically" in "hazardous weather conditions." *Id.* at 2. Upon arriving at the bus depot of the MDC, Plaintiff noticed that the correction officers had "neglected care of adequate snow clearance and salt application." *Id.* Plaintiff further alleges that upon entering the MDC entranceway, Officer Surpris accelerated on the gas pedal, "propelling the bus forward into the structural entrance of the building" and that he continued to accelerate and "grindingly impact[ed] the building until he was clear of the entrance. *Id.*

Plaintiff further alleges that he suffered injuries to his head, back, and neck as a result of Officer Surpris' conduct in scraping against the wall of the MDC bus depot. *Id*. at 3. The only allegations against defendants Correction Officer Lewis, Captain Wilson, Warden Lemon, Captain Grima, and Correction Officer John Hernandez, is that they "didn't offer [Correction Officer Surpris] any guidance while entering the area" with the DOC bus. *Id*. at 2-3.

4

**LEGAL STANDARD**

I.      **Rule 12(b)(6)**

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). However, the Court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Claims should be dismissed when a plaintiff has not pleaded enough facts that "plausibly give rise to an entitlement for relief." *Id.* at 679. A claim is plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). While not akin to a "probability requirement," the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Accordingly, where a plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

II.     **Rule 12(c)**

"When deciding Rule 12(c) motions for judgment on the pleadings, a court employs the standard that applies to motions to dismiss a complaint under Rule 12(b)(6)." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011)). "Thus, a court must accept the allegations contained in the complaint as true

and draw all reasonable inferences in favor of the non-movant." *Id*. This tenet, however, is "'inapplicable to legal conclusions.'" *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 34 (2d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678). Simply put, to survive a Rule 12(c) motion, "[t]he complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. More specifically, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face." *Urbina v. City of New York*, 672 F. App'x. 52, 54 (2d Cir. 2016) (quoting *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010)) (emphasis added)

### III.    *Pro Se* Litigants

As to Plaintiff's *pro se* status, it is "well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (holding that a *pro se* party's pleadings must be liberally construed in his favor and are held to a less stringent standard than the pleadings drafted by lawyers). Nevertheless, a *pro se* plaintiff must comply with the relevant rules of procedural and substantive law. *Olle v. Columbia Univ.*, 332 F.Supp.2d 599, 607 (S.D.N.Y. 2004).

### DISCUSSION

Construed liberally, the Court ascertains that Plaintiff brings a claim under 42 U.S.C.§ 1983 asserting deliberate indifference to serious risk of harm to him and a claim of negligence under New York State law against the Defendants.

Defendants argue that the Complaint should be dismissed in its entirety on the grounds that: (1) Plaintiff's Section 1983 deliberate indifference to inmate safety claim fails as a matter of

law; (2) Plaintiff's New York State law negligence claim is barred by the applicable statute of limitations; (3) Plaintiff fails to plausibly allege any personal involvement in the alleged incident by the defendants; and (4) Plaintiff's municipal liability claim against the City of New York should be dismissed because he fails to allege an underlying constitutional violation and he does not plead an unconstitutional policy or a widespread practice under the standard in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

### I.      42 U.S.C. § 1983

Plaintiff's allegations concerning Defendants' purported misconduct are best construed as claims of deliberate indifference to his safety, in violation of the Fourteenth Amendment. Plaintiff invokes the Eighth Amendment, Opp. at 1, but because he was a pretrial detainee during the time period at issue, the claims are covered by the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment.").

To establish a due process violation of the Fourteenth Amendment to the U.S. Constitution under § 1983, an inmate must show that a government official made a deliberate decision to deprive him of his life, liberty, or property. See *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (relying on *Daniels*, 474 U.S. at 331 (1986)). To do so, a pretrial detainee must show that he faced an objectively serious risk of harm and that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

The negligence of a correction official is not a basis for a claim of a federal constitutional deprivation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). A commonplace vehicle accident may be actionable as a tort claim for negligence under state law, *see Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004), but such an event is not ordinarily the basis for a claim of a federal constitutional deprivation. *See Poe v. Leonard*, 282 F.3d 123, 145 (2d Cir. 2001) ("[M]ere negligence is insufficient as a matter of law to state a claim under section 1983."); *Carrasquillo*, 324 F. Supp. 2d at 436 ("Auto accidents do not, in and of themselves, give rise to federal causes of action."). Generally, "[a]llegations of a public official driving too fast . . . are grounded in negligence", and thus not actionable under Section 1983. *Carrasquillo*, 324 F. Supp. 2d at 436.

"[T]he failure to provide an inmate with a seatbelt does not, standing alone, give rise to a constitutional claim." *Jabbar,* 683 F.3d at 57-58. "[A]n in-custody plaintiff injured during transport may, however, state a deliberate-indifference claim if he or she alleges facts in addition to the absence of seatbelts and reckless driving, that, taken as a whole, suggest that the plaintiff was exposed to conditions posing an unreasonable risk of serious harm, and that the defendants were aware of those conditions." *Chapman v. Doe (One)*, No. 9:19-CV-1257 (GTS)(CFH), 2019 WL 6493971, at *4 (N.D.N.Y. Dec. 3, 2019) (internal quotations omitted).

Here, Plaintiff's allegations that the correction officer driving the transport bus accelerated too much when entering the bus depot of the MDC sound in negligence. *See generally* ECF No. 7 at 3-5. Plaintiff fails to plead any facts in the SAC suggesting that any defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official

knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

In his opposition, Plaintiff states that this bus accident occurred because Correction Officer Surpris was "hurriedly, and unattentively executing his duties because of pressure to fulfill a job quota by a certain time or under the influence (i.e. of alcohol or, narcotics or both are serious possibility's)." *See* Opp. at 2. The is the first time Plaintiff has alleged that Officer Surpris was driving under the influence. This allegation has not been raised in any of the Plaintiff's complaints, including in the SAC, which is the operative complaint in this matter. Although the Court must construe Plaintiff's submissions liberally, the "liberality with which courts examine *pro se* pleadings does not require a court to 'accept as true allegations that conflict with a plaintiff's prior allegations.'" *Vaughn v. Strickland*, No. 12 CIV. 2696 JPO, 2013 WL 3481413, at *6 (S.D.N.Y. July 11, 2013) (quoting *Green v. Niles*, No. 11 Civ. 1349(PAE), 2012 WL 987473, at *4–5 (S.D.N.Y. Mar. 23, 2012). Therefore, the Court will not consider this new allegation raised for the first time in the Opposition.

Plaintiff's allegations thus fail to plausibly allege a claim under Section 1983, and the Court dismisses Plaintiff's Section 1983 claim asserting deliberate indifference to a serious risk of harm to him against the individual Defendants.

Municipalities can be sued under Section 1983. *Monell*, 436 U.S. at 690. However, "[a] municipality cannot be liable for acts by its employees which are not constitutional violations." *Martinez v. City of New York*, 340 F. App'x 700, 702 (2d Cir. 2009). Therefore, the Court also dismisses Plaintiff's Section 1983 claim against the City of New York because he has failed to state a claim for any purported constitutional violation.

## II.      Negligence

In addition to his claim arising under Section 1983, the Court construes that Plaintiff asserts a cause of action against all Defendants arising under New York state law for negligence. Defendants argue that Plaintiff failed to serve a notice of claim as required prior to commencing an action in tort against the City of New York or an employee. *See* N.Y. General Municipal Law §§ 50-i(1), 50e.  Defendants also argue that Plaintiff's negligence claim is time-barred.

"The elements of a negligence claim under New York law are: "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir.), *as amended* (Nov. 23, 2015) (internal quotation marks omitted). "New York law 'provides that no tort action shall be prosecuted or maintained against a municipality or any of its officers, agents, or employees unless: (1) a notice of claim has been served against the [municipality]; (2) the [municipality] has refused adjustment or payment of the claim; and (3) the action is commenced within one year and ninety days after the event upon which the claim is based occurred.'" *In re Dayton*, 786 F. Supp. 2d 809, 823 (S.D.N.Y. 2011) (quoting *Gibson v. Comm'r of Mental Health,* No. 04–CV–4350, 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006)); N.Y. Gen. Mun. Law § 50–i. The plaintiff must plead in the complaint that they served the notice of claim. *Chepilko v. City of New York*, No. 18CV02195ALCSDA, 2022 WL 4554961, at *3 (S.D.N.Y. Sept. 29, 2022) (citing *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999)). Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim. *Dingle v. City of New York*, 728 F. Supp. 2d 332, 348–49 (S.D.N.Y. 2010).

Additionally, under N.Y. General Municipal Law § 50-i, an action against "a city, county, town, village, fire district or school district for personal injury . . . sustained by reason of the negligence or wrongful act of . . . any officer, agent or employee thereof . . . shall be commenced within one year and ninety days." N.Y. General Municipal Law § 50-i. However, just as Plaintiff's claim is governed by New York statute of limitations, New York tolling statutes also similarly apply. *See Kay v. Lavry Eng'g, Inc.*, No. 1:19-CV-05059 (ALC), 2020 WL 2415661, at *2 (S.D.N.Y. May 12, 2020), *aff'd*, 834 F. App'x 655 (2d Cir. 2021).

Here, the statute of limitations applicable to the Plaintiff's negligence claim is one year and ninety days. N.Y. General Municipal Law § 50-i. Plaintiff's negligence claim arises from the date of his alleged injury, which is on or about March 23, 2018. *Fisher v. JPMorgan Chase Bank, N.A.*, 740 F. App'x 745, 746 (2d Cir. 2018) ("under New York law, negligence claims accrue when an injury is sustained"). For Plaintiff's state law claim to be timely, he must have commenced the action on June 21, 2019. Plaintiff filed his complaint on June 11, 2020. ECF No. 1. Because Plaintiff's state negligence claim is time-barred, and the Plaintiff has not put forth any facts that would justify tolling the statute of limitations, Plaintiff's negligence claim is dismissed as untimely.

### III.   Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to replead "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178 (1962). The "usual practice" in this Circuit upon granting a motion to dismiss is to permit amendment of the complaint. *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 446–47 (S.D.N.Y. 2014) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). Generally, "[a] pro se complaint 'should not [be] dismiss[ed] without

[the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). However, the Second Circuit has also recognized that "[w]here a proposed amendment would be futile, leave to amend need not be given." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir.1997)).

In his opposition to Defendants' motion, Plaintiff argues that he did file a timely notice of claim as required by N.Y. Gen. Mun. Law § 50-i. Opp. at 1-2. Courts in this circuit have previously explained that plaintiffs should be allowed to amend their complaint where they complied with notice of claim requirement but simply failed to plead this in their complaint. *See Scott v. City of Mount Vernon*, No. 14-CV-4441 (KMK), 2017 WL 1194490, at *25 (S.D.N.Y. Mar. 30, 2017); *Whitfield v. City of Newburgh*, No. 08-CV-8516, 2015 WL 9275695, at *31-*32 (S.D.N.Y. Dec. 17, 2015); *Christian v. Town of Riga*, 649 F. Supp. 2d 84, 92 n.7 (W.D.N.Y. 2009) ("[I]f plaintiff did comply with the notice requirements but failed to plead such compliance in his Amended Complaint, plaintiff is not precluded from filing an amended complaint setting forth that he complied §§ 50-i and 50-e."). Additionally, as explained above, Plaintiff has not put forth any facts that would justify tolling the statute of limitations.

Therefore, Plaintiff is granted leave to amend. His amended complaint should include factual information relevant to whether he filed a notice of claim and any facts relevant to any arguments for tolling the statute of limitations.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. The Clerk of the Court is respectfully directed to terminate ECF No. 91. Plaintiff shall file his amended complaint on or by **May 1, 2023.**


**SO ORDERED.**

**Dated:**    **March 31, 2023**
        **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**