UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTON LIVERPOOL,

                Plaintiff,

                -against-

THE CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------x

20-CV-4629 (ALC) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF Nos. 165 and 167.

**I.    THE PROPOSED FOURTH AMENDED COMPLAINT**

On September 24, 2024, Judge Carter dismissed *pro se* Plaintiff's Third Amended Complaint on statute of limitation and exhaustion grounds, with leave to amend. Specifically, Plaintiff was directed to "include in his [Fourth Amended] Complaint facts relevant to the notice of claim and statute of limitations issues." (ECF 142 at 9). Plaintiff was directed to file his Fourth Amended Complaint on November 1, 2024. (ECF 142 at 9). This deadline has been extended twice, to December 16, 2024, and February 14, 2025, based in part on Plaintiff's representations that he was not receiving his mail. (*See* ECF Nos. 143, 144, 155, 156).

**II.    PLAINTIFF'S DISCOVERY REQUESTS**

Following the Court's decision, Plaintiff filed several letters with the Court in which he requested that he be sent various documents in order to prepare his Fourth Amended Complaint, including: (1) filings on the docket (ECF Nos. 143, 146); (2) correspondence with Defendants, if any, regarding Officer Supris (ECF 157); and (3) correspondence with city

agencies, if any, regarding his claims (ECF 143, 146, 157). The Court has repeatedly directed Defendants to send Plaintiff copies of filings that he has requested under item (1), (*see* ECF Nos. 144, 147, 162), and Defendants have provided proof of service of the same (*see* ECF Nos. 145, 151, 168). Defense counsel has also represented that they have searched for correspondence with Plaintiff pertaining to former-Defendant Surpris under item (2) but have not found any such documents. (ECF Nos 163).

The Court construes Plaintiff's request for correspondence with city agencies under item (3) as a request for discovery. This request is premature, as there is no operative complaint in this action.

## III.   PLAINTIFF'S MAILING ADDRESS

On June 15, 2024, Plaintiff filed a Change of Address Memorandum, in which he listed an Intake Center for the Rhode Island Department of Corrections as his address. (ECF Nos. 140, 141). Shortly thereafter, Plaintiff informed the Court that he had recently been released from the custody of the Rhode Island Department of Corrections and was currently homeless.[1] (ECF143 at 2). Plaintiff's current address on the docket, however, and the apparent return address on his more recent submissions to the Court, remains the Intake Center listed in his June 15 Change of Address. (*See* Docket). (*E.g.*, ECF Nos. 140, 141, 165, 167). Although Plaintiff has repeatedly said he is experiencing delays in receiving his mail, none of the mail sent to Plaintiff has been returned as undeliverable.

To ensure that all cases heard in the Southern District of New York are handled

---

[1] In the same letter, Plaintiff writes about obtaining an "inmate indigency form . . . per DOC policy." (ECF 143).

promptly and efficiently, all parties, including *pro se* parties, must keep the court apprised of any new contact information. *See In Re: Cases Filed by Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024). It is Plaintiff's obligation to provide an address for service. *Id.* Service of court orders cannot be accomplished if a party does not update the Court when a change of address occurs. *Id.* Failure to keep the Court updated with his address may result in dismissal of Plaintiff's claims for failure to prosecute. *Id.*

IV.     **CONCLUSIONS**

**Accordingly, *pro se* Plaintiff is directed to file a letter by February 14, 2025, informing the Court of an address at which he can receive mail. If the address on the docket is correct (***see*** ECF Nos. 140, 141) then Plaintiff must file a letter confirming the address.**

**Plaintiff's request for an extension of time to file his Fourth Amended Complaint is GRANTED. Plaintiff's deadline to file his Fourth Amended Complaint is extended to March 17, 2025. There will be no further extensions.**

**Plaintiff is on notice that failure to file a letter confirming his mailing address or failure to file a Fourth Amended Complaint by the deadline may lead to a recommendation that his case be dismissed for failure to prosecute.**

**Plaintiff's request for discovery is denied without prejudice to renewal after he has filed his Fourth Amended Complaint.**

A Notice of Change of Address form is attached to this order and available at: https://www.nysd.uscourts.gov/forms/notice-change-address.

Counsel for Defendants is directed to serve a copy of this Order on *pro se* Plaintiff, at his

last known address, and file proof of service on the docket.

The Clerk of Court is respectfully directed to close ECF Nos. 165 and 167.

**SO ORDERED.**

Dated: February 3, 2025
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge