**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LIVERPOOL,

               **Plaintiff,**

           **-against-**

**THE CITY OF NEW YORK ET AL.,**

              **Defendants.**

**20-cv-04629 (ALC)**

**OPINION AND ORDER**

**ANDREW L. CARTER, United States District Judge:**

The Court considers herein Defendants' Motion to Dismiss *pro-se* plaintiff Anton Liverpool's ("Plaintiff") Fourth Amended Complaint. For the reasons discussed below, Defendants' motion to dismiss is **GRANTED. The Fourth Amended Complaint is DISMISSED with prejudice**.

## BACKGROUND

### I.    Procedural Background

The Court previously granted Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim on March 31, 2023. *See Liverpool v. City of N.Y.*, No. 20-cv-04629 (ALC), 2023 U.S. Dist. LEXIS 57085 (S.D.N.Y. Mar. 31, 2023) (hereafter *Liverpool I*). The Court also granted Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC") on September 24, 2024 and granted Plaintiff another opportunity to amend the complaint and include facts relevant to the notice of claim and statute of limitation issues. *See Liverpool v. City of New York*, No. 20-cv-4629 (ALC), 2024 U.S. Dist. LEXIS 173312 at *11 (S.D.N.Y. Sept. 24, 2024). On March 25, 2025, Plaintiff filed his Fourth Amended Complaint. On June 20, 2025, Defendants filed their Motion to Dismiss the Fourth

1

Amended Complaint. Plaintiff filed his Opposition on September 8, 2025. On October 17, 2025, Defendants filed their Reply.[1]

## II.    Factual Background

The operative facts remain largely unchanged between the Third Amended and Fourth Amended Complaints.  Plaintiff alleges that he, on or about the early morning of March 21, 2018 and while incarcerated on Rikers Island, was instructed by correctional officers, specifically Defendants Supris and Lewis, to exit his cell in order to attend a court date in Manhattan. FAC at ¶ 7-10.  Plaintiff communicated to the corrections officers his reluctance to leave the facility to attend court that day because of the inclement weather, a nor'easter, which was then hitting the area. *Id.* at ¶ 9-13.  Plaintiff states that he reluctantly acceded to the officers' orders upon being threatened with physical removal and a disciplinary infraction. *Id.* at 10, 11, 13-16.

Plaintiff was then transported by bus into Manhattan with Defendant Supris driving and Defendant Lewis as a passenger. *Id.* at ¶ 16-18. Plaintiff alleges that Officer Supris was "under the [apparent] influence of drugs and or alcohol." *Id*.  Plaintiff describes Supris' driving as "erratic," "hurried" and "reckless" (cleaned up). *Id* at 18-19.  Upon the bus's arrival at the Manhattan detention complex, Plaintiff claims that Defendant Supris forcefully accelerated and hit the building structure eight or ten times.  *Id.* at ¶ 19, 23, 24, 28.  Plaintiff alleges that he suffered injuries as a result of the bus's collisions and that Officer Lewis witnessed Plaintiff get injured and did nothing to assist. *Id.* at ¶ 24, 25.

---

[1] For those seeking a broader recitation of this case's procedural background prior to the filing of the TAC, the Court directs readers to *Liverpool I* at *4-*6.

**LEGAL STANDARD**

### I.    Rule 12(b)(6)

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). However, the Court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Claims should be dismissed when a plaintiff has not pleaded enough facts that "plausibly give rise to an entitlement for relief." *Id.* at 679. A claim is plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). While not akin to a "probability requirement," the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Accordingly, where a plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

### II.    Rule 12(c)

"When deciding Rule 12(c) motions for judgment on the pleadings, a court employs the standard that applies to motions to dismiss a complaint under Rule 12(b)(6)." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419,

429 (2d Cir. 2011)).  "Thus, a court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant."  *Id*.  This tenet, however, is "'inapplicable to legal conclusions.'"  *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 34 (2d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678).  Simply put, to survive a Rule 12(c) motion, "[t]he complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.*  More specifically, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face."  *Urbina v. City of New York*, 672 F. App'x. 52, 54 (2d Cir. 2016) (quoting *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010)) (emphasis added).

### III.    *Pro Se* Litigants

As to Plaintiff's *pro se* status, it is "well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (holding that a *pro se* party's pleadings must be liberally construed in his favor and are held to a less stringent standard than the pleadings drafted by lawyers).  Nevertheless, a *pro se* plaintiff must comply with the relevant rules of procedural and substantive law.  *Olle v. Columbia Univ.*, 332 F.Supp.2d 599, 607 (S.D.N.Y. 2004).

## DISCUSSION

### I.    *Liverpool I*

In *Liverpool I*, the Court construed the SAC liberally as raising: (1) a claim of deliberate indifference to serious risk of harm to Plaintiff in violation of his Fourteenth Amendment rights

pursuant to 42 U.S.C. § 1983, (2) a claim of municipal liability pursuant to the § 1983 claim, and (3) a claim of negligence under New York law. *Liverpool I* at *8.

The base § 1983 claim was dismissed based upon a finding that Plaintiff had failed to establish that the government officials made a deliberate decision to deprive him of his life, liberty or property, as is necessary under the law. *Id.* at *9-*10 (citing *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012)). The Court reasoned that Plaintiff had failed to establish that "the defendant-official[s] acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant official knew, or should have known, that the condition posed an excessive risk to health or safety." *Liverpool I* at *10 (citing *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017)).

Highly instructive in the Court's decision-making was the fact that vehicle accidents are "not ordinarily the basis for a claim of federal constitutional deprivation" whereas they may be actionable under state tort law for negligence. *Id.* at *10 (collecting cases). Dismissal of Plaintiff's claim was necessary because the SAC contained mere "[a]llegations of a public official driving too fast." *Id.* (citing *Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004)). Such allegations "are grounded in negligence," not deliberate indifference. *Id.* (same). The Court further stated that Plaintiff had not pleaded any facts suggesting that a Defendant had "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety. *Id.* at *10 (citing *Darnell*, 849 F.3d at 35).

Also necessary to the Court's prior holding was its decision not to credit the allegation Plaintiff raised in his oppositional filing that Defendant Supris may have been intoxicated while

5

driving because it was not raised in any of the prior complaints. *Id.* at \*11-\*12 ("Although the Court must construe Plaintiff's submissions liberally, the 'liberality with which courts examine *pro se* pleadings does not require a court to accept as true allegations that conflict with a plaintiff's prior allegations.'") (citing *Vaughn v. Strickland*, 2013 U.S. Dist. LEXIS 97122, at \*20 (S.D.N.Y. July 11, 2013)).

Because his base Section 1983 claim was dismissed, the claim for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) against the City was also dismissed. *Liverpool I* at \*12 ("A municipality cannot be liable for acts by its employees which are not constitutional violations.") (citing *Martinez v. City of New York*, 340 F. App'x 700, 702 (2d Cir. 2009)).

Finally, the Court dismissed Plaintiff's state-law negligence claim primarily because the statute of limitations had expired on his cause of action. *Id.* at \*13-\*15. The statute of limitations on negligence actions in New York is one year and ninety days. *Id.* at \*14 (citing General Municipal Law § 50-i). Because Plaintiff alleged that the incident occurred on or around March 21, 2018, the instant action would need to have been commenced by June 19, 2019 to be timely. Plaintiff did not file the initial complaint in this action until June 11, 2020 and had not, in the SAC or any prior complaint, alleged any facts justifying tolling the statute of limitations.

Also problematic, but not central to the Court's dismissal of the negligence claim, was the fact that Plaintiff had failed to plead service of a notice of claim in the operative complaint as is necessary under New York law. *Id.* at \*13-\*14.

## II.    The Present Motion

### a.    Section 1983 Liability

The Court recounts its prior holdings and reasoning here because these same central deficiencies exist in the FAC.

Try as Plaintiff might to bolster the FAC with allegations that Defendants "failed to act with reasonable care to mitigate the risk of harm to Plaintiff even though the defendant-officials knew or should have known of the risk," Plaintiff presents no actual facts upon which such a finding could be plausibly made.  Plaintiff alleges only that Defendant Supris drove too fast, that Defendant Lewis did not aid Supris in driving through the detention center entrance, and that Defendant Lewis, not Supris, operated his cell phone while sitting in the bus.  These allegations, standing alone, are insufficient.

As before, this Court will not credit Plaintiff's allegation that Defendant Supris operated the bus while intoxicated because this directly conflicts with prior allegations.

Of course, from this, Plaintiff's claims of municipal liability must also be dismissed.

### b.    State Law Negligence

In addition, the same statute of limitations issues persist from the TAC into the present complaint.  Even presuming that Plaintiff properly served Defendants with a notice of claim, it is clear from the face of the FAC that Plaintiff failed to bring suit against Defendants in a timely manner.  Plaintiff has also presented no facts upon which tolling of the statute of limitations could be imposed.  Therefore, these claims must once again be dismissed.

## III.    Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to replead "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S.

178 (1962).  The "usual practice" in this Circuit upon granting a motion to dismiss is to permit amendment of the complaint.  *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 446–47 (S.D.N.Y. 2014) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)).  Generally, "[a] pro se complaint 'should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).  However, the Second Circuit has also recognized that "[w]here a proposed amendment would be futile, leave to amend need not be given."  *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir.1997)).

The Court previously granted Plaintiff leave to file an amended complaint so that he could cure the same deficiencies referenced herein. *Liverpool II* at \*11; *Liverpool I* at \*15-\*16. Plaintiff was specifically instructed to "to include in his complaint facts relevant to the notice of claim and statute of limitations issues." *Liverpool II.* at \*11. Plaintiff states in his FAC that he "made several attempts to communicate with the comptroller's office in good faith concerning [his] claim documents" and that "the city has been unresponsive." FAC at 35. He also says, "I have turned in on record a notice of claim form and, other correspondence amounting to [a] best attempt that  a pro-se litigant can put forward." *Id.* However, the Plaintiff does not assert whether he actually filed a notice of claim or when any of this correspondence occurred.

The Court has given Plaintiff four chances to amend to attempt to address the fundamental flaws in his federal and states claims. Further amendment would be futile, and the case is dismissed with prejudice. *Cuoco v. Moritsugu*, 222 F.3de 99, 112 (2d Cir. 2000) ("a futile request to replead should be denied").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

**SO ORDERED.**

**Dated:**   **March 24, 2026**
            **New York, New York**

                                                **ANDREW L. CARTER, JR.**
                                                **United States District Judge**